# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 10-CR-30106-WDS |
| THOMAS CURETON, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several pending motions. Upon review of the record, the Court rules as follows:

1. Government's motion in limine to exclude evidence or arguments relating to Mark Good (Doc. 65). The defendant has not filed a response to the government's motion. In the motion, the government seeks to limit the defendant from introducing evidence or arguments regarding Good, who was a former chemist for the Illinois State Police Lab. He analyzed and weighed the drugs which were allegedly distributed by the defendant in this case. Good was subsequently discharged for sub-par work. After Good's departure, Chemist Joel Grey re-analyzed and re-weighed the drugs and came to the same conclusions which Good had reached. The government will be calling Grey, not Good to testify in its case in chief.

Accordingly, the Court **GRANTS** the government's motion. The defendant and his witnesses shall not attempt to introduce evidence with respect to Chemist Mark Good.

2. Defendant's *ex parte* motion (Doc. 75) is **DENIED** the defendant's counsel has

advised the Court that he no longer seeks to pursue this motion.

3. Defendant's motion to appoint additional *pro bono* counsel (Doc. 79) to which the government has not responded. In the motion, the defendant seeks to have the Court appoint, *pro bono*, Tom Keefe, III, Esq. due to the difficult nature of the case. In light of the fact that Mr. Keefe is willing to take a *pro bon* appointment, the Court **GRANTS** defendant's motion and hereby **APPOINTS** Thomas Keefe, III, to represent the defendant as co-counsel to Mr. Stobbs. Said appointment shall be *pro bono*, without reimbursement from the Court.

4. Defendant's motion for disclosure of impeaching information (Doc. 80), to which the government has not filed a response. In this motion the defendant seeks a laundry list of items which are traditional discovery items, inter alia, reports; records of prior convictions; promises made to witnesses; prior inconsistent statements by witnesses; threats made to witnesses, actual or implied; information concerning prior testimony of witnesses; identification of confidential informants; any material discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). The Court has previously entered its Pretrial Discovery and Inspection Order (See Doc. 10) which sets forth the discovery process under Fed. R. Crim. P. 16. The government remains well aware of its ongoing obligations under *Brady* and its progeny, and the defendant has not asserted that he has been denied access to the government's file, or any particularized need for anything sought in this motion. Therefore, the Court **DENIES** defendant's motion for disclosure of impeaching information.

5. Defendant's motion for disclosure of expert testimony (Doc. 81) is **DENIED** as moot. The government has filed its notice of expert witnesses (Doc. 82).

**IT IS SO ORDERED.**

DATE:   April, 2011

                                                                                        **/s/ WILLIAM D. STIEHL**
                                                                                            **DISTRICT JUDGE**