IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.   Nos. 10-CR-30106-DRH
 & 10-CR-30200-DRH

THOMAS CURETON,

Defendant.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is currently on remand from the United States Court of Appeals for the Seventh Circuit for a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). *United States v. Cureton*, 882 F.3d 714 (7th Cir. 2018).[1] The Seventh Circuit asked this Court to "determine whether it would have imposed the same sentence on Cureton, knowing that in light of *Dean*, it may consider a mandatory sentence under § 924(c) when deciding sentences for other crimes, or whether the court wishes to have a new opportunity to exercise its discretion and judgment in a complete resentencing."[2] *Paladino* instructs that, on limited remand, the sentencing judge must determine whether he would reimpose

---

1 The parties are aware of the extensive background of this case. Thus, the Court need not recite the procedural background or facts as that is not necessary.
2 In *Dean*, the Supreme Court held that, "when calculating an appropriate sentence for the predicate" offense, a sentencing court properly considers the fact of the "mandatory minimum under § 924(c)." *Dean v. United States*¸ 137 S.Ct. 1170 (2017).

his original sentence. "If the picture was cloudier, we have used a *Paladino* remand to ensure that if the *Roberson* rule affected the sentence, the district judge would have had an opportunity to exercise its discretion." *Cureton*, 882 F.3d 714 (citing *United States v. Anderson*, 881 F.3d 568 (7th Cir. 2018)).

After soliciting and reviewing the parties' briefs and the record in this matter, the Court determines that it would reimpose the same sentence even in light of *Dean*. First, Cureton's conviction for interstate communication of a ransom request in violation of Section 875(a) is the predicate conviction underlying his Section 924(c) conviction. In addition and more importantly, this Court earlier determined that Cureton's capacity for violence and depravity was extreme and Cureton needed to be off the streets for as long as the law would permit which the Court determined to be 444 months imprisonment. As the Court stated about Cureton during both the July 16, 2014 and November 13, 2015 sentencings:

> "It's quite something different to be someone who beats the life out of somebody because they made the horrendous mistake of dropping some money on their way to meet up with – because they are to do something forbidden. That's what makes people like Mr. Cureton very dangerous to the community."
> (July 16, 2014 Sentencing Trans. p. 37, lines 5-10.) "
>
> [T]his case is more about the violent case that occurred over the lost money and the violence surrounding the victim who was held against her will who went through all of the torture associated with having a knife held against certain body parts, a gun held against her head, a ransom request made. All of that is very, very serious. And so you take that kind of violence, which I don't think anybody in the community that's looking to reduce sentences having to do with drugs would in any way suggest that his sentence needs to be reduced because we have somebody who's involved in the drug business and

we've got a change in attitudes about drugs. That's just not consistent with the arguments that they make about why we need to change our thinking about drug crime. … they would say that case points out one of the types of cases that you wouldn't want to reduce the sentence. That kind of violence, that tangentially would not be the kind of case where you would want to reduce a sentence."

November 13, 2015 Sentencing Trans. ps. 23-24, lines 16-10. Likewise, then District Judge Murphy similarly found regarding Cureton:

"The victim in this case is set on a bucket with her wrists and ankles tied by the defendant. She was beaten while she was seated, punched in the head and face, kneed in the ribs, kicked in the hip and, in addition, she was choked. This was done several times, He punched her off the bucket, kicked her in the side, leg and head. Took off – defendant took off his belt and put it around her neck. … I think Mr. Cureton is a dangerous man, I think that he is dangerous not just for the reason – and we heard what the evidence was and what he did to this young woman – but he was wrong. You were – you were after the wrong person, and that makes you doubly dangerous. You were – you were willing to take this young woman to an inch of her life on the theory she had stolen your dope. And the Court heard all the evidence, and I don't think she stole your dope. … But to tie a young woman up and kick, beat her, and threaten to cut her, and to bring other people in to frighten her, and then to call her family, just a horrible, horrible, horrible experience for everyone involved, is – is cold and vicious beyond description."

January 30, 2012 Sentencing Trans. p. 29, lines 13-19, ps. 36-37, lines 22-11. The Court still believes that Cureton is a very dangerous man who is another drug deal gone bad, a road rage incident or whatever sets off this defendant's anger. The next time there will be a murder case instead of what happened here, kidnapping and torture. A sentence at or near the mandatory sentence in this case or any sentence other than that previously imposed by this Court would be so insignificant

as to be a travesty of justice. Thus, the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), determines that a 444-month sentence is sufficient but not greater than necessary to effect the purposes of the Sentencing Reform Act of 1984.

The Court **DIRECTS** the Clerk of the Court to furnish a copy of this Memorandum and Order to the appropriate person at the United States Court of Appeals for the Seventh Circuit, which has retained jurisdiction over this matter, so that the Court of Appeals is aware that this District Court has fulfilled the requirements of the February 16, 2018 Opinion of limited remand.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.21
13:38:27 -05'00'

**United States District Judge**